Good morning, Your Honor, and may it please the Court. The appellee's request that this Court affirm the lower court's judgment dismissing the complaint. While the appellant employees submit that Illinois' agency fee law is unconstitutional as alleged in their complaint, they recognize that Abood forecloses their claim in this Court. Only the Supreme Court can grant Janus and Trigg the relief they seek, which is to overrule Abood and declare agency fees unconstitutional. Accordingly, the district court's judgment dismissing the complaint should be affirmed. Now, the appellees also argue that Mr. Trigg's claim should also be dismissed on race judicata grounds. The lower court did not address that argument because it didn't need to, and it's also unnecessary for the Court to address this argument, especially since it doesn't apply to Mr. Janus, whose claim has to be decided on the constitutional merits no matter what. Now, the final point I want to address is a 20HA letter submitted by the appellees on Monday suggests they may argue that the district court's decision to treat the employee's complaint as the operative pleading in this case may have been improper. The appellees didn't raise this argument in their brief, and in fact the union defendants below submitted that this was the proper course of action. In their brief to the district court, which can be found on the record at page 2,322, they argue that the court should grant Janus and Trigg leave to file their complaint and intervention and to treat it as the operative pleading, and the union relied on the same cases the employees relied upon in making that request and that the district court ultimately relied upon, which are authorities holding that when a court has independent jurisdiction over an intervener's complaint, which it certainly does here, it can treat that complaint as the operative pleading because there's no point in making the interveners refile their complaint under a separate case number given that the court already has jurisdiction over it. And I submit that the district court properly decided to follow that procedure and treated Janus and Trigg's complaint as the operative pleading here. And moreover, I would submit that the district court's decision on this score isn't even properly before the court because it was a procedural decision and not a jurisdictional one. It's not jurisdictional because there's really no question that the district court has jurisdiction over Janus and Trigg's complaint under federal question jurisdiction, section 1331, or over the 1983 claim. The only question was procedural. Should Janus and Trigg be allowed to file their complaint under that case number or refile it under a different case number? That's not a jurisdictional question but a procedural one, and since the appellees did not challenge that procedural decision, I submit it's not before this court. And if the court has no further questions, I'll rest. Okay. Thank you, Mr. Messenger. Mr. Draper? Mr. West, Your Honor. Oh, I'm always doing that. Oh, no, yes. It does say Mr. West. Your name is on my card along with Draper. I'm going to go first, and my colleague, Mr. Draper, during his part of the argument, will address the res judicata issue. I'm going to address the other issues here. There's no question, as Mr. Messenger agrees, that the Abood case is controlling with respect to the constitutionality of agency fees. And I'm sure the court's aware that that specific issue of whether the Abood case should be overruled has been up before the Supreme Court two times in the last four terms and that my friends are hoping to make this their third try at it. I think there are several issues. Given the possibility that this case may well go up to the Supreme Court, at least on a petition for certiorari, if not more, there are several issues that it would be important that this court addresses beyond the fact that Abood is controlling law, just so that the record before the Supreme Court would be clear. And the first one, which Mr. Messenger alluded to, is the question of jurisdiction. He is absolutely right that in the court below, my client, I was not personally involved in the case at the time, but my client argued that there was jurisdiction for the district court even after it had dismissed the governor's underlying lawsuit for lack of a federal question and for lack of standing, that there was still jurisdiction to entertain the motion to intervene and to allow that to proceed as the outcome. This is because Janus and Trigg had taken his place? Is that what it amounts to? Well, the court relied on the cases from several other circuits, which do say that when a court dismisses a case for lack of jurisdiction, for any other reason, that if there is a motion to intervene by other plaintiffs who have an independent cause of action over which the court would have jurisdiction, the court has discretion to allow that complaint intervention. Had the motion been filed before Rauner dropped out? The motion was filed. There were several things, actually. There was a motion to dismiss that all of the defendants had submitted. How did Janus and Trigg get in? They filed a motion to intervene, you said? Well, there were two things. Well, I don't care. Did they file a motion to intervene? They did. They filed a motion to intervene, and it was disposed of by the district court in the same order in which it held that it had no jurisdiction over the governor's complaint. So is it your theory that the jurisdictional issue would be different if intervention had been granted the day before Governor Rauner was dismissed? Well, I would say that would have been improper, Your Honor, because of the fact that the court had no jurisdiction over the case. The court always has jurisdiction to decide its own jurisdiction, right? So the district judge has power over the case at that point. So the day before, you couldn't have granted the motion to intervene? I haven't really thought carefully about that, Your Honor. I think it would have. Does it matter? Is it your theory that because I believe it's docket entries 116 and 117, that those are in the wrong order so there was no jurisdiction, even though it was all disposed of in the same? No, I don't. Okay, so what's the theory? Well, the theory is something that's been articulated actually by this court and by many other courts that say when a court determines that it has no jurisdiction over a case, there is nothing for an intervener to intervene in because Rule 24 does not provide any independent basis for jurisdiction. And so I think this court, one of the reasons that we raised this issue, is that this court, unlike the courts that were cited by the district judge, has never addressed the issue of whether there exists this exception. And the Supreme Court never has either. What's the exception? The exception is that when the interveners have a cause of action that's independent of the underlying cause of action and the court would have jurisdiction over the intervener's cause of action if it had been brought as an independent suit, that the district court, even though it's dismissed the original case, has jurisdiction to continue with the intervener's complaint and intervention. You're switching back to sequence when you give that explanation. I thought you told me a few minutes ago sequence doesn't matter or should not matter, and I guess I'd like to get your clear thoughts on that. I guess I would say, Judge Hamilton, that I think the sequence, if the court had granted intervention beforehand, before it dismissed the complaint, it's a more difficult question. I would agree at least on that much. I think here where the court is addressing the question, and again this is in one order, in the same opinion, where the court is addressing the question of, do I have any jurisdiction over this lawsuit and determines that it doesn't. Are the stakes here any higher than filing fee for a civil case? I guess the question is the stakes for whom? Certainly the plaintiffs. For the jurisdictional rule that you're advocating. Are the stakes any more? Probably not unless, I don't think this would be the case here, but in some cases there might be a statute of limitations issue, but probably that's mainly the main issue, and that's what the courts have held that the district court cited below. They have typically said, well this just is a practical matter, what's the point of making them go back? And there's certainly a lot of validity. Making them go back? What do you mean by making them go back? Instead of allowing them to proceed in this case in which they tried to intervene, making them go back and file a new action independently. What's the big deal? I don't understand. Yeah, there may not be a big deal. I would just say, Judge Posner, it strikes me as, I mean, first of all, it's an issue this court hasn't. Look, I can understand why, since the intervention is the equivalent of a new suit, might as well do it a little faster. But it doesn't seem that anything major turns on this. Yeah. I think what, you know, it seems to me that the notion that, you know, nothing really turns on this, so we'll just allow them to proceed and save the money. I think, frankly, I'm not going to be able to cite any examples, but I think, frankly, is not really in step with the way that the Supreme Court in recent years has been analyzing jurisdictional issues and so forth in a more formalistic manner than we have here. So think about the statute of limitations problem. Yeah. Where the motion to intervene in a pending suit is timely if it's treated as the operative complaint, but jurisdiction under the original complaint is debatable, right? Do you want to threaten a fatal blow to the intervener's claim if they fail to file a separate action? I mean, that would seem to me to encourage a multiplicity of actions and basically be contrary to Rule 1. Well, I would just say it's what the Supreme Court has said in the Texas-Portland case. That was before the civil rules back in 1914? It was, absolutely. But what the court says that in denying the motion to intervene and saying that we don't think it could be treated as an original suit, the court said that the intervention was what it purported to be, an appearance in the original suit already brought, and in our view must abide the fate of that suit. So I think the answer would be, Judge Hamilton, that the proposed intervener would have to be aware of whether there is a really jurisdiction. The jurisdictional flaw in the case brought by the governor was not an obscure one. It was something that anybody... Was it debatable? No, it was not debatable. It was the governor brought a declaratory judgment action, and the rule in a declaratory judgment action is whether there is a federal question depends not on... depends on how the federal question would arise in the... It's generally true, generally true. But, look, there are some weird exceptions and nooks and crannies in 1331 arising under jurisdiction. Sure. So... Sure, but I... You guys didn't seek sanctions, did you? No. No. Of course not. But, in any event, I think I'm... Sorry, I'm way over my time. The jurisdictional one I do think is one that the court has to address, even if, you know, since it's not been addressed in this circuit before. So the motion intervening had been filed while the case was still alive? It was filed while the case was still alive. It was filed while the case was alive, yes. And... So your position is basically since the intervention case had been filed, the intervention request, and was a live piece of litigation, the fact that Rauner dropped out didn't kill the intervention, is that what you're saying? No, our position, at least the issue that the court has to decide, is whether the court, once it held that there was no federal jurisdiction over Rauner's case, whether it still had jurisdiction to do anything at all in this case, such as allowing the intervention to proceed. Well, the intervention, it had been filed, so the court still had something in front of it. The intervention is the equivalent, the motion intervening is the equivalent of a complaint, right? So why not treat it as a complaint, is that what you're saying? I mean, you are representing these people, aren't you? I'm representing the defendants. He wants us to dismiss for lack of jurisdiction, right? I would, at a minimum, Judge Hamilton, Although it's the opposite position from the one you took in the district court. Our position essentially is that this is an issue that the court has to address and decide, so that if and when the case goes up to the Supreme Court, it's clear whether there is a jurisdictional issue. What practical argument, if any, do you have for throwing the case out? In this case? Yeah. I think the practical effect would be that if the plaintiffs wish to pursue it, No, no, what is the benefit to society of throwing this case out and forcing them to file a new complaint, rather than treating the intervention motion as the complaint? Judge Posner, I'm not sure I can identify any great benefit to society. So this is just legalism, right? You're just fussing. I think the Because it's called intervention, not called a complaint, therefore it doesn't fit some, you know, some body of legalisms. That's all there is. You don't have a reason. You couldn't go to an ordinary person and explain why you wanted to do this. The person would say it's nonsense. You have the intervention, it's the equivalent of a complaint, go ahead and litigate the case. Sure. You could say that. I think there may be a little bit of a slippery slope issue. A what? A slippery slope issue. I don't see the slippery slope issue. What's the slippery slope issue? No, just that if we're just looking to, you know Look, people drop in and drop out of cases while the case is going on, right? You don't necessarily throw out a case just because one of the parties has left, right? Well, except it wasn't just that he left. It was that the court held that there was no federal jurisdiction Over Rauner, but not over the interveners. That wasn't a problem, right? Because you say the interveners could file a complaint. There would be jurisdiction. Sure. Would the rule be different from your point of view if Mr. Trigg and Mr. Janus had been co-plaintiffs with the governor in the original complaint? I think if they had been co-plaintiffs in the original complaint and had included in the original complaint their separate cause of action, which they included in their complaint and intervention, I think the result would have been different, yes. So why any particular reason we ought to treat this as different because they came a little later? My submission, Your Honor, and I want to be clear on this, our principle, sure, I mean, frankly, my clients would be delighted if you'd throw this out and say there was no jurisdiction and they have to start over. But I'm not arguing that position today. What I am saying is there is an issue that this court has not addressed. It's in tension with decisions of both this court and the Supreme Court, and I think the court needs to resolve it, particularly because this case may well go up to the Supreme Court. And I'm not convinced that it's such an easy issue. Well, it seems to be totally trivial. So what are the precedents of our case, of our court? The Hofheimer case, which has categorical language. Now, I acknowledge Hofheimer did not address specifically the situation you have here, so it's possible to distinguish it, but there is categorical language in there that says there's nothing left in which the movement could intervene after the existing suit was held to be outside of the court's jurisdiction. And similar language and perhaps a little bit even more apt in the Supreme Court's Texas-Portland case. That is? I have a lot more I could say, Judge Posner, but I think you've indulged me sufficiently. My colleague, Mr. Draper. Okay, fine. We'll hear from Mr. Draper. May it please the Court, my name is Carl Draper, and I'm here on an issue unique to the Teamsters Local 916. This is a case that the plaintiffs have portrayed as a very important issue. It may have the appearances that it may be something to be taken up by the United States Supreme Court, and I agree that the case is important. To the extent that the case is important, however, there is also important that the right of the Teamsters to not have to defend a claim two separate times is well established in the law, and the claims by Brian Trigg against the Teamsters are precluded. He had his full opportunity to litigate his issues. He did. He got all of the relief he requested and never did bring this. So the claim preclusion rules that this Court follows that in Illinois we typically would call race judicata apply. What about Janice? Janice is a member of AFSCME only, and Janice may have a claim against AFSCME, but Janice has no claim whatsoever, no allegation against the Teamsters. Only Brian Trigg does, and Brian Trigg should be barred. If he is, Teamsters should have been dismissed. When was the Trigg litigation concluded? When was the Trigg litigation concluded? Concluded? Yes. The final, the history of it was the Trigg litigation commenced prior to even the Governor's complaint in this case. The Illinois Appellate Court addressed Mr. Trigg's dismissal by the State Labor Relations Board prior to his intervention in this case. And when was it? And then the final remedy came after this case. Okay, and when was the remedy? The remedy was, I think, last June. Okay. I would understand that Mr. Trigg might be barred from seeking reimbursement from June of last year forward under your theory. Could he benefit from injunctive relief? Mr. Trigg has no monetary loss from June forward because the final relief he obtained was that he donates his money pursuant to the state law to a charity of his choosing. It goes directly to them, so there is no monetary relief that he has not fully obtained. How about injunctive relief? The only possibility of any injunctive relief would be a declaration that the statutory scheme indeed is unconstitutional, and therefore we wouldn't have to go through any of these procedures like a statutory exemption for religious reasons. But that claim is what is precluded because Mr. Trigg had his opportunity to present his claim to the Illinois Appellate Court when he first sought review. Okay, so Mr. Draper, let's suppose sometime later in 2017 or 2018 the Supreme Court reverses, overrules Abood. What happens to Mr. Trigg? Does he benefit from that? Only in the sense that the union is not collecting his dues anyway. He is paying his dues himself directly to the American Diabetes Association. Would he have to continue to do that? The Teamsters would have no interest in making him do that, and the state law would probably fall for being unconstitutional. He could continue to do it or not. So overruling Abood could undermine the basis for that commitment that he had made, and he would be free to spend his money as he wished. I would agree with that. And that would not be barred by any sort of claim preclusion. It is, and it is because Mr. Trigg presented his claim as a person who did not want to associate with unions whatsoever. So indefinitely into the future he would need to abide by the settlement or the resolution under Abood, decades after Abood has been overruled. Is that right? Only because he did not avail himself of the opportunity to present this challenge when he was in the Illinois appellate court, where he could have and should have presented this very claim. He is making a facial challenge that the statutory scheme is unconstitutional now. It is the very same statute that he had before the appellate court. And that appellate court has all of the power necessary to hear anything raised by his record. That would have included his ability to say, my First Amendment rights of association are violated, and he could have obtained all of his relief that he should seek. Instead, he made a deliberate choice and instead only argued the statutory claim. And in Illinois, there is clear law that this court would follow prohibiting people from splitting their claims. And that's the problem that we face here. He split his statutory claim, but he had the opportunity and he argued constitutional issues of due process, in fact, in the appellate court, which belie his argument that he never had his opportunity. He's had his one bite at the apple, and his case should be dismissed. OK, well, thank you very much, Mr. Draper. Mr. Messenger, do you have anything further? Very briefly, Your Honor. First, I want to address two cases raised by counsel, which is Texas Portland Cement and Hoffheimer. In both those cases, the individual was not allowed to proceed as an independent and separate claim because they couldn't proceed as an independent and separate claim. In Texas Portland Cement, it was because the individual did not comply with the complicated service and notice requirements of the statute at issue. And in Hoffheimer, the individual did not own the complete property that was at issue. So in both cases, the intervener, proposed intervener, was not allowed to proceed separately because he couldn't proceed independently without the original suit. And then turning to the question of Mr. Trigg's claim being barred by res judicata, I submit, as described in the briefs, that Mr. Trigg could not have brought his First Amendment challenge against the Teamsters and CMS to the Illinois Appellate Court or to the Illinois State Labor Board, I'm sorry, Labor Board, because neither have jurisdiction over that claim. And if there's no questions on either point, I have nothing further. OK, well, thank you very much to all three counsel and Court of the Inricis.